IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT J. HOLLAND, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 09-192J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 14th day of March, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 23) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 19) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his DIB and SSI applications on March 21, 2007, alleging disability beginning March 21, 2006, due to gout, arthritis and tendinitis. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on December 18, 2008. On February 13, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on May 15, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a ninth-grade education, was 44 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Although plaintiff has past relevant work experience as a construction worker, welder and awning frame maker, he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of gout, arthritis/degenerative disc disease, hypertension, diabetes, sleep apnea, obesity, depression and a history of alcohol dependence, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of additional limitations. Plaintiff is limited to occasional kneeling, stooping, crouching, crawling and climbing stairs and ramps. In addition, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Further, plaintiff is limited to occasional interaction with supervisors and co-workers, and no interaction with the general public. Finally, plaintiff is limited to occupations that do not involve the handling, sale or preparation of food, alcoholic beverages or access to narcotic drugs, and which are not in the medical field (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless,

based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a railroad car checker, an inspector/packer, a floor worker or a stock checker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national

economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff argues that the ALJ erred by concluding that his impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court finds these arguments lack merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden

AO 72
(Rev. 8/82)

to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for her decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that he meets or equals a listing under 12.04 (affective disorders) or 12.06 (anxiety related disorders). Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at her step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from gout, arthritis/degenerative disc disease, hypertension, diabetes, sleep apnea, obesity, depression and a history of alcohol dependence, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination,[1] do not meet or equal any listed impairment. The ALJ's decision indicates that she considered the listings contained in sections 1.04, 3.10, 4.01, 9.08, 12.04, 12.09 and 14.09, but she found that plaintiff's conditions do not satisfy all the criteria of any of those

---

[1] Plaintiff has argued that the ALJ failed to consider his impairments in combination in determining that he is not disabled. Plaintiff's argument is without merit. In connection with her step 3 finding, the ALJ explained that even when considered in combination, plaintiff's severe impairments do not meet or equal any listing. (R. 13). Further, the ALJ's detailed decision makes clear that she considered all of plaintiff's impairments in combination in assessing his residual functional capacity. (R. 15-19).

listings. (R. 13-14). The ALJ then explained her reasoning as to why plaintiff's impairments do not meet or equal any listing. (R. 13-14).

The ALJ satisfied her burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals all of the paragraph "B" criteria of listings 12.04 and/or 12.06, plaintiff did not demonstrate that the evidence of record substantiates his argument.[2] Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

---

[2] In order to satisfy the paragraph "B" criteria of listings 12.04 or 12.06, plaintiff's condition must result in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration. See Appendix 1, §§12.04B, 12.06B. The ALJ's finding that plaintiff does not satisfy the paragraph "B" criteria because he has no restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence or pace, and no episodes of decompensation is supported by substantial evidence. Specifically, plaintiff is incorrect that his two hospitalizations which were precipitated by suicidal thoughts or gestures satisfies the requirement of episodes of decompensation. The term "repeated episodes of decompensation, each of extended duration" are exacerbations or temporary increases in symptoms accompanied by a loss of adaptive functioning that occur at least three times within one year, each lasting for at least two weeks. Id., §12.00C4. In this case, plaintiff was hospitalized two times in one year, and neither hospitalization last at least two weeks. (R. 326-42, 349). Further, on each occasion when plaintiff was released from the hospital, his mental status was stable. (R. 334, 349).

AO 72
(Rev. 8/82)

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical, mental, sensory and other requirements. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because she failed to properly consider and evaluate his subjective allegations arising from his back pain, diabetes, and arthritis pain in his knees and left hip and, as a result, she incorrectly assessed plaintiff's residual functional capacity. The court finds that these arguments lack merit.

Plaintiff first claims that the ALJ erred in evaluating his pain and other subjective complaints. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if she does not find it credible

so long as she explains why she is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints and then explained why she found plaintiff's testimony not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his physicians about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), §§416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his pain was not entirely credible. (R. 17). This court finds that the ALJ adequately explained the basis for her credibility determination, (R. 15-19), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next argues that as a result of the ALJ's failure to properly consider and evaluate his subjective allegations

arising from his back pain, diabetes, arthritis pain in his knees and left hip and his other subjective complaints generally, she incorrectly assessed his residual functional capacity. As explained above, the ALJ properly evaluated plaintiff's subjective complaints. Moreover, to the extent the ALJ found plaintiff's impairments could be expected to produce some of the symptoms he alleged, she fully accommodated the resulting functional limitations in the RFC Finding.

The RFC Finding accommodates plaintiff's physical impairments by limiting him to light work that involves only occasional kneeling, stooping, crouching, crawling and climbing stairs and ramps. In addition, the RFC Finding accounts for plaintiff's mental impairments by restricting him to simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes, and also by limiting him to occasional interaction with supervisors and co-workers, and no interaction with the general public.

In sum, the ALJ's carefully crafted RFC Finding accommodates all of plaintiff's limitations that are supported by the evidence of record, including his allegations of pain. For this reason, the court finds that the ALJ properly assessed plaintiff's residual functional capacity.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The

ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901